```
               IN THE UNITED STATES DISTRICT COURT
              FOR THE MIDDLE DISTRICT OF GEORGIA
                         COLUMBUS DIVISION
```

| | |
|---|---|
| J.H.C., | * |
|     Petitioner, | * |
| vs. | * |
| |     CASE NO. 4:26-CV-82 (CDL) |
| WARDEN, STEWART DETENTION CENTER, *et al.*, | * |
| | * |
|     Respondents. | |
| | * |

## O R D E R

Presently pending before the Court is Petitioner's emergency motion for temporary restraining order (ECF No. 2). The Court held a hearing on the motion earlier this afternoon at which time counsel for Petitioner and Respondents had an opportunity to be heard. As explained during the hearing and for the reasons set forth below, the Court grants the motion to the following limited extent. Respondents shall not remove Petitioner from the Stewart Detention Center before the appropriate asylum officer decides Petitioner's claim of fear and request for withholding of removal to Mexico.

According to his petition, Petitioner has been in the United States since 2014 with his family based upon a previous withholding of removal to his home country of Honduras. On the day after Christmas of 2025, Petitioner was formally notified that he would be removed to Mexico. He is currently detained at the Stewart

Detention Center. Petitioner's counsel maintains on information and belief that Petitioner is scheduled to be removed to Mexico tomorrow before he has an opportunity to fully present his claim of fear and request for withholding of removal to Mexico.

The Court finds that it has jurisdiction to decide whether Petitioner's removal should be temporarily stayed until an asylum officer decides his claim of fear and request for withholding removal to Mexico. Denial of this opportunity for a hearing would violate the applicable statute and raise serious due process concerns. Moreover, an order preserving the status quo until a decision on Petitioner's claim is made by the appropriate asylum officer does not implicate the jurisdiction-stripping provisions of the applicable law.

Petitioner has shown: (1) a substantial likelihood that his imminent removal without an opportunity to have his claim of fear and request for withholding removal heard will violate his statutory and constitutional due process rights; (2) this deprivation of those rights will result in irreparable harm because his removal will cause him to forfeit any realistic opportunity to assert his claim of fear and withholding of removal; (3) the harm to Respondents caused by this temporary injunctive relief pales in significance to the harm to Petitioner of not granting the relief; and (4) protecting Petitioner's constitutional and statutory rights with a limited remedy that also respects the Executive

Branch's role in the immigration process is in the public interest. Accordingly, as previously stated, Petitioner is entitled to preliminary injunctive relief as follows: Respondents shall not remove Petitioner from the Stewart Detention Center until an asylum officer makes a decision on Petitioner's claim of fear and request for withholding of removal to Mexico.[1]

IT IS SO ORDERED, this 16th day of January, 2026.

S/Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA

---

[1] At the hearing today, the Court indicated that it believed an asylum officer should consider any supplementation to Petitioner's claim by his lawyer after his lawyer has an opportunity to speak with him on January 22, 2026 and that the Court contemplated that its injunctive relief would include such a requirement. Upon further reflection, the Court finds that such direction to Respondent's asylum officer may overstep its jurisdictional bounds. Therefore, it makes no mandate as to what the asylum officer should consider nor does it place any deadlines on the officer's decision. The Court does assume, however, that the processing of Petitioner's claim will be done in good faith knowing that Petitioner's counsel wishes to supplement his claim after she talks to her client on January 22, 2026. The Court knows of no reason why Respondents could not facilitate the rescheduling of this telephone conference to an earlier date.